IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA M. CUCHNA, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| THE TOWN OF CICERO, ) | Jury Trial Demanded |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, TAMARA M. CUCHNA ("CUCHNA"), by and through her attorneys, TRENT LAW FIRM, P.C., complaining against the Defendant in this matter, THE TOWN OF CICERO (hereinafter collectively "CICERO"), states as follows:

## NATURE OF THE ACTION

This is an action for declaratory and injunctive relief and for damages against the defendant to enforce the Plaintiff's rights granted under the United States' Constitution pursuant to 42 U.S.C. § 1983 to be free of sex and gender discrimination in the workplace and for damages caused to her as a result of the conduct of the Defendant. Plaintiff also seeks to redress the deprivation of the Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq*.) ("Title VII").

## PARTIES

1. The Plaintiff, CUCHNA, is an adult, female citizen who resides within the territorial jurisdiction of the District Court.

2. CICERO is an Illinois Municipal Corporation and/or Township Corporation, with its principal place of business in Cicero, Cook County, Illinois.

3. CICERO operates the Cicero Police Department.

4. At all relative times, CICERO employed more than fifteen (15) employees and was Plaintiff's employer.

5. CICERO, at all times relevant to this Complaint, operated within the territorial jurisdiction of the District Court.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, enforceable through 42 U.S.C. § 1983 and Title VII.

7. All jurisdictional prerequisites to a lawsuit have been met to wit:

 a. On September 9, 2019, Plaintiff filed a charge of discrimination alleging discrimination based on sex and retaliation which was perfected by the Illinois Department of Human Rights ("IDHR") and by a work sharing agreement between the Department and the Equal Employment Opportunity Commission ("EEOC") was cross-filed and perfected at both agencies;

 b. The charge was filed at the IDHR (*see* Exhibit A);

 c. The charge was perfected by the IDHR and thus was perfected at both the IDHR and the EEOC (*see* Exhibit A);

 d. The charge was assigned EEOC Charge No. 440-2019-05172;

 e. The charge pursuant to the work-sharing agreement between agencies was filed within 300 days of the date of the last act of discrimination, retaliation and harassment,

which was and were on-going through the date Plaintiff's continued employment;

      f.     Plaintiff received a Right-to-Sue letter from the EEOC dated August 14, 2020 (*see* Exhibit B);

      g.     This lawsuit is being filed within 90 days of the date of receipt of the Right-to-Sue letter (*see* Exhibit B);

8.     Plaintiff is raising claims that all flow out of a common nucleus of common facts and parties.

## VENUE

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because:

      a.     Defendant CICERO, is a municipality in this court's jurisdictional district; and

      b.     all events or omissions giving rise to Plaintiff's claims occurred here in this jurisdictional district.

## FACTS

10.     Defendants are local governmental entities, are and were, at all times relevant, "employers" and/or "covered entities" within the meaning of Title VII of the Civil Rights Act of 1964.

11.     That CICERO hired CUCHNA on or about January 9, 2017 to work as a full time, sworn police officer.

12.     CUCHNA was hired as a lateral police officer from the Village of Bedford Park, where she left in good standing.

13.     From January 2017 to present, CUCHNA was assigned to the Patrol Division, Star number 261.

14. That CUCHNA never had any write-ups since the beginning of her employment with CICERO.

15. CUCHNA has served one (1) suspension day on September 16, 2019 for an alleged violation of general orders and she is still waiting for an arbitration hearing on that matter.

16. CUCHNA has received numerous awards and commendations from CICERO including Top Productivity Performer Award, Top Cop Awards from Alliance Against Intoxicated Motorists, and other department commendations.

17. That CUCHNA made requests for a change in Field Training Officer during her initial training phase due to personality conflict and said requests were denied by Sgt. Charles Sierra ("SIERRA").

18. On or about September 3, 2017, Community Service Officer (CSO) Nadia Makarova-Bull ("BULL") approached CUCHNA in CICERO'S parking structure while CUCHNA was off duty, and informed CUCHNA of allegations of sexual harassment and sexual assault by Commander Raul Perez ("PEREZ") and Sgt. Frank Savaglio ("SAVAGLIO").

19. On September 4, 2017, CUCHNA reported the allegations of sexual harassment and sexual assault of BULL to First Deputy Thomas Boyle ("BOYLE"), Superintendent Jerry Chlada (CHLADA"), and First Deputy Barrett Marlar ("MARLAR") (following the department's general orders for reporting misconduct).

20. That at the end of the tape-recorded statement provided, BOYLE turned off the tape recorder and told CUCHNA, "you aren't meeting department expectations by participating in gossip."

21. From October 2017 to February 2018, CUCHNA asked CHLADA along with BOYLE to assist in ceasing contact with BULL since it was creating a hostile work environment. CHLADA and BOYLE ignored CUCHNA's request for help.

22. On May 24, 2018, CUCHNA was injured on duty and transported to MacNeal Hospital in Berwyn, IL for medical treatment. BOYLE requested for CUCHNA to come into work while taking prescription pain medication along with having work restrictions on using her right hand and, therefore, CUCHNA had to use her own sick time for time off of work missed.

23. On or about July 9, 2018, after CUCHNA completed her 18-month probationary period, Deputy Larry Polk ("POLK") advised CUCHNA via telephone that CHLADA was extending CUCHNA's probation. CUCHNA was told that she would receive a letter from CHLADA as to the reason and she never did in violation of contract Article 33, Section 33.5

24. On July 11, 2018 Sgt. Charles Sierra "(SIERRA"), supervisor assigned to the field training division, sent CUCHNA an email congratulating her on passing the 18-month probationary period.

25. On July 14, 2018, SIERRA emailed CUCHNA apologizing for misspeaking about passing the probationary period.

26. In July 2018, Rhonda Kosenesky ("R. KOSENESKY") told CUCHNA that she was going to have to purchase a ticket to the Town President's golf outing since CUCHNA was still on probationary status.

27. On August 29, 2018 CUCHNA was advised by Sgt. Hopeton Rowe ("ROWE") that CUCHNA's secondary employment was denied since CUCHNA was still on extended probation.

28. On August 30, 2018 Union Representatives, James Kosenesky ("J. KOSENESKY") and Manny Velasquez ("VELASQUEZ") went to speak with BOYLE about

5

CUCHNA's extend probationary period which is a violation of the contract and no legitimate reason as to why CUCHNA was on extended probation was provided by BOYLE.

29. On September 6, 2018 Pete Balderas ("BALDERAS"), Illinois Fraternal Order of Police Representative, filed a grievance on CUCHNA's behalf regarding probation extension and denial of secondary employment. Violation of contract Article 35.

30. On September 10, 2018 CUCHNA was called in before her shift ended by Commander Rudolfo Flores ("FLORES") and Captain Ramirez ("RAMIREZ") and they advised CUCHNA that she was off her probationary status.

31. From August 29 through October 18, 2018, Sgt. Michael Skrabacz ("SKRABACZ") and ROWE repeatedly gave CUCHNA a difficult time by forcing her to write numerous interdepartmental memos regarding uniforms and addressing personnel with decorum and failed to provide an authorized or legitimate reason.

32. That on October 23, 2018 CUCHNA finally received written authorization to allow her to work secondary employment.

33. From a period of February 2019 to August 2019, CUCHNA submitted requests for numerous training courses which were denied.

34. On May 21, 2019 and May 22, 2019, ROWE sternly spoke to CUCHNA in front of other coworkers regarding a DUI traffic crash arrest and told CUCHNA, "you are done" and, thereafter, refused to sign any of her overtime slips.

35. On May 26, 2019 CUCHNA requested a meeting with FLORES and RAMIREZ regarding the issue with the arrest on May 21 and May 22, 2019 and to discuss the issues CUCHNA was having with ROWE. RAMIREZ scheduled the meeting for May 27, 2019 and he failed to show up for said meeting.

36. On May 31, 2019 CUCHNA filed a written complaint with RAMIREZ regarding issues with ROWE pertaining to unfair treatment in the workplace and CUCHNA addressed fear of retaliation for filing that complaint against ROWE.

37. On June 3, 2019 CUCHNA was called into the station by FLORES and SKRABACZ and served with a complaint that included allegations against CUCHNA for the arrest on May 21, 2019.

38. Subsequently, CUCHNA was isolated in Districts 5 and 6 during her shifts, she was not allowed to work with a partner, and CUCHNA was assigned to work the prisoner transport wagon when no other female officers ever worked the transport wagon solo.

39. On September 9, 2019 CUCHNA filed a Charge of Discrimination with the EEOC.

40. On September 27, 2019 ROWE provided CUCHNA with a negative employee performance review and made false allegations that CUCHNA was taking too much time off of work despite CUCHNA having perfect attendance in 2019 and only used her vacation, personal days, and holidays to take time off of work.

41. On October 23, 2019 CUCHNA was moved to Day off Group Assignments which was a violation of contract Article 24 seniority, Section 24.7.

42. On May 2, 2020 CUCHNA requested copies of her personnel file from CICERO and subsequently filed a complaint with the Illinois Department of Labor since CUCHNA had not received copies of her personnel file.

43. On May 23, 2020 CUCHNA learned of a reassignment to the Gang Crimes Tactical Unit ("GCTU") in the PACE scheduling system and CUCHNA advised LOPEZ in writing that she wanted to turn down the reassignment on May 25, 2020.

44. On May 26, 2020 Deputy Superintendent of Patrol Vincent Acevez ("ACEVEZ") informed CUCHNA to report to GCTU on June 4, 2020 which was a violation of FOP Union Contract Section 16.4 as no fourteen (14) days' notice requirement for reassignment was given.

45. On May 27, 2020 a union grievance was filed against CICERO for not providing CUCHNA with all files or copies of her employment records and/or personnel file which was a violation of Contract Article 15, Section 15.2.

46. That after the union grievance was filed on May 27, 2020, CUCHNA received a packet containing CUCHNA'S personnel records from Lt, Allen Pineda ("PINEDA"). Upon inspection of copies of the packet received, CUCHNA learned there were documents missing.

47. On May 27, 2020 CUCHNA filed a grievance for reassignment to GCTU which was a violation of contract Article 16, Section 16.4.

48. On October 1, 2020 CUCHNA learned of WOJTOWICZ changing CUCHNA's day off group assignment for 2021 which would force CUCHNA to work more frequently underneath ROWE'S supervision and continuous harassment.

49. On October 6, 2020 CUCHNA was called into Watch Commander's office to speak with WOJTOWICZ regarding a change in the day off group assignment and WOJTOWICZ was screaming at CUCHNA and informing her not talk nor email her union representative, VALAZQUEZ.

50. On November 12, 2020 CUCHNA filed another grievance for denial of time off on November 6, 2020 when LOPEZ denied CUCHNA time off when there were fourteen (14) to fifteen (15) officers working and the minimum staffing is ten (10) officers.

51. CUCHNA continues to oppose the discriminatory conduct directed at her by way of CICIERO which is a part of a custom, pattern and practice of unlawful harassment and

discrimination against female employees at CICERO that similarly situated male employees do not have to endure.

### COUNT I
### Violation of 1983-Equal Protection (Gender/Sex Discrmination)

52. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-51 of this Complaint as stated herein and in her charge of discrimination (Ex. A) as and for this paragraph.

53. Defendants' conduct violated Plaintiff's right to Equal Protection under the law, guaranteed by the Fourteenth Amendment to the Constitution of the United States.

54. The discriminatory conduct directed at Plaintiff was part of a custom, pattern and practice of unlawful harassment and discrimination against female employees at CICERO.

55. Similarly situated male employees have been treated more favorably than Plaintiff.

56. Plaintiff and other female employees have been subjected to discriminatory comments from supervisors and coworkers which have not been directed to male counterparts and which males are not required to endure as a condition of their employment.

57. Male supervisors and coworkers subjected Plaintiff and other female employees to derogatory comments and actions which are demeaning to women.

58. CICERO intentionally discriminated against Plaintiff based on her gender by giving more favorable treatment to male employees.

59. Plaintiff has been treated differently than her male counterparts because she is female.

60. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage of an ongoing and continuous nature.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Find that Defendant discriminated against Plaintiff, in violation of 1983 Equal Protection (Gender/Sex Discrimination);
B. Award compensatory and punitive damages to the maximum amount provided by statute;
C. Award attorney's fees, expert witness fees, and costs provided by law;
D. Award forward pay due to the decrease in lower earnings;
E. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
F. Grant such additional relief as this Court deems just and proper.

## COUNT II
## Violation of 1983-Retaliation

61. Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-60 of this Complaint as stated herein and in her charge of discrimination (Ex. A) as and for this paragraph.

62. Plaintiff complained about discriminatory conduct and harassing treatment.

63. As a direct and proximate result of Plaintiff's complaining activities, the Defendant has taken materially adverse employment actions against the Plaintiff.

64. The Plaintiff has been damaged as a result of the constitutional violations and deprivation of her right to Equal Protection and retaliated against for complaining about these violations.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Find that Defendant retaliated against Plaintiff, in violation of 1983 Equal Protection;
B. Award compensatory and punitive damages to the maximum amount provided by statute;
C. Award attorney's fees, expert witness fees, and costs provided by law;
D. Award forward pay due to the decrease in lower earnings;
E. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
F. Grant such additional relief as this Court deems just and proper.

## COUNT III
## Title VII Gender/Sex Discrimination

65. Plaintiff restates and realleges paragraphs 1-64 as if specifically set forth herein.

66. 42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against an employee on the basis of gender/sex.

67. Defendant violated 42 U.S.C. § 2000e-2(a) by treating CUCHNA differently than similarly-situated male employees because of her gender/sex.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Find that CICERO discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964;
B. Award compensatory and punitive damages to the maximum amount provided by statute;
C. Award all back pay lost since the date of termination plus pre-judgment interest;
D. Award attorney's fees, expert witness fees, and costs as provided by law;
E. Award forward pay due to decrease in earnings;
F. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
G. Grant such additional relief as this Court deems just and proper.

## COUNT IV
## TITLE VII Retaliation

68. Plaintiff restates and realleges paragraphs 1-67 as if specifically set forth herein.

69. 42 U.S.C. § 2000e-3(a) makes it unlawful for an employer to discriminate against an employee because he opposes any practice which is unlawful under Title VII.

70. CUCHNA'S opposition to CICERO'S actions described above, is protected under 42 U.S.C. § 2000e-3(a).

71. CICERO retaliated against CUCHNA for her protected conduct.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Find that Defendant CICERO discriminated against Plaintiff by retaliating against her in violation of Title VII of the Civil Rights Act of 1964 and 29 C.F.R. § 1604.11(a);

   B. Award compensatory and punitive damages to the maximum amount provided by statute;
   C. Award all back pay lost since the date of termination plus pre-judgment interest;
   D. Award attorney's fees, expert witness fees, and costs as provided by law;
   E. Award forward pay due to decrease in lower earnings;
   F. Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
   G. Grant such additional relief as this Court deems just and proper.

          Respectfully submitted,

          /s/ Marc P. Trent_____
          One of Plaintiff's Attorneys


Douglas P. Trent (ARDC #2855070)
Marc P. Trent (ARDC #6324928)
TRENT LAW FIRM, P.C.
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
P: (630) 682-3100
F: (630) 682-3554
attorneys@trentlawfirm.com