**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TAMARA CUCHNA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 20-cv-06798** |
| | ) | |
| **v.** | ) | **Jury Trial Demanded** |
| | ) | |
| **THE TOWN OF CICERO,** | ) | |
| **THOMAS BOYLE, individually,** | ) | |
| **JERRY CHLADA, individually,** | ) | |
| **HOPETON ROWE, individually,** | ) | |
| **MICHAEL SKRABACZ, individually,** | ) | |
| **EDDY LOPEZ, individually, and** | ) | |
| **CHRISTOPHER WOJTOWICZ,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF' S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, TAMARA CUHCNA ("Plaintiff" or "CUCHNA"), by and through her attorneys, TRENT LAW FIRM, P.C., respectfully moves for leave to file Plaintiff's Second Amended Complaint.

1.     Plaintiff seeks leave of this Court to file her Second Amended Complaint, in order to add facts in support of her Count for violation of 1983 – Equal Protection (Sex Discrimination).

2.     Plaintiff filed her original Complaint on November 16, 2020 in the United States District Court for the Northern District of Illinois Eastern Division, Case No. 20-cv-06798, alleging that she was discriminated against, harassed, and retaliated against by her former employer, Town of Cicero, based on her sex.

3.     That on February 26, 2021, Plaintiff filed her First Amended Complaint.

4.     That on June 10, 2021, Defendants answered, in part, Plaintiff's First Amended

Complaint and filed a Motion to Dismiss Defendants Skrabacz, Lopez, and Wojtowicz.

5.      Federal Rule of Civil Procedure (15(a)(1)(b) provides that "A party may amend its pleading once as a matter of course. . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

6.      On January 28, 2021, Defendants filed their Agreed Motion for Extension of Time or Otherwise Plea which was granted by this Honorable Court

7.      Further, under Federal Rule 15, the court "should freely give leave" to file an amended complaint "when justice so requires." Fed. R. Civ. P. 15(a).  A complaint merely serves to put defendants on notice, and should be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice defendants." *Lockett v. Conlon*, 561 F. Supp. 2d 970, 974 (N.D. Ill. 2008) citing *Umar v. Johnson*, 273 F.R.D. 494, 503 (N.D. Ill. 1997)).  The rule "reflects a liberal attitude towards the amendments of pleadings – a liberality consistent with and demanded by the preference for deciding cases on the merits." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

8.      "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendments, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (reversing denial of leave to amend where new facts discovered near end of discovery).

9.    No such reason is present here, and Plaintiff respectfully submits that leave to amend is warranted.

10.    A copy of the proposed Second Amended Complaint is attached to this filing as Exhibit 1.

WHEREFORE, Plaintiff, TAMARA CUCHNA, respectfully requests this Court grant her leave to file her Second Amended Complaint.

Respectfully submitted,

/s/ Marc P. Trent_____
One of Plaintiff's Attorneys

Douglas P. Trent (ARDC #2855070)
Marc P. Trent (ARDC #6324928)
TRENT LAW FIRM, P.C.
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
Phone:  (630) 682-3100
Fax:  (630) 682-3554
attorneys@trentlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I, Marc P. Trent, an attorney, hereby certify that on July 14, 2021, I served the foregoing **Plaintiff's Motion for Leave to File Second Amended Complaint** in the above-captioned matter to be filed with the Clerk of the District court, and served on the parties of record listed below, by operation of the Court's CM/ECF electronic filing system:

Veronica Bonilla-Lopez
K. Austin Zimmer
Del Galdo Law Group, LLC
1441 S. Harlem Avenue
Berwyn, IL 60402
708 222-7000
Email: vblopez@dlglawgroup.com
zimmer@dlglawgroup.com

Michael J. Kasper
mjkasper60@mac.com

/s/ Marc P. Trent

TRENT LAW FIRM, P.C.
Marc P. Trent (ARDC #6324928)
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
Phone: (630) 682-3100
Fax: (630) 682-3554
attorneys@trentlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMARA M. CUCHNA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| THE TOWN OF CICERO, | ) | Jury Trial Demanded |
| THOMAS BOYLE, individually, | ) | |
| JERRY CHLADA, individually, | ) | |
| HOPETON ROWE, individually, | ) | |
| MICHAEL SKRABACZ, individually, | ) | |
| EDDY LOPEZ, individually, and | ) | |
| CHRISTOPHER WOJTOWICZ, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, TAMARA M. CUCHNA ("CUCHNA"), by and through her attorneys, TRENT LAW FIRM, P.C., complaining against the Defendant in this matter, THE TOWN OF CICERO (hereinafter collectively "CICERO"), states as follows:

### NATURE OF THE ACTION

This is an action for declaratory and injunctive relief and for damages against the defendant to enforce the Plaintiff's rights granted under the United States' Constitution pursuant to 42 U.S.C. § 1983 to be free of sex and gender discrimination in the workplace and for damages caused to her as a result of the conduct of the Defendant. Plaintiff also seeks to redress the deprivation of the Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq*.) ("Title VII").

### PARTIES

1.     The Plaintiff, CUCHNA, is an adult, female citizen who resides within the territorial jurisdiction of the District Court.

EXHIBIT 1

2.      CICERO is an Illinois Municipal Corporation and/or Township Corporation, with its principal place of business in Cicero, Cook County, Illinois.

3.      CICERO operates the Cicero Police Department.

4.      At all relative times, CICERO employed more than fifteen (15) employees and was Plaintiff's employer.

5.      CICERO, at all times relevant to this Complaint, operated within the territorial jurisdiction of the District Court.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as the district courts have original jurisdiction of all civil actions arising under the Constitution, laws,or treaties of the United States, enforceable through 42 U.S.C. § 1983 and Title VII.

7.      All jurisdictional prerequisites to a lawsuit have been met to wit:

        a.      On September 9, 2019, Plaintiff filed a charge of discrimination alleging discrimination based on sex and retaliation which was perfected by the Illinois Department of Human Rights ("IDHR") and by a work sharing agreement between the Department and the Equal Employment Opportunity Commission ("EEOC") was cross-filed and perfected at both agencies;

        b.      The charge was filed at the IDHR (*see* Exhibit A);

        c.      The charge was perfected by the IDHR and thus was perfected at both the IDHR and the EEOC (*see* Exhibit A);

        d.      The charge was assigned EEOC Charge No. 440-2019-05172;

        e.      The charge pursuant to the work-sharing agreement between agencies was

2

filed within 300 days of the date of the last act of discrimination, retaliation and harassment, which was and were on-going through the date Plaintiff's continued employment;

      f.      Plaintiff received a Right-to-Sue letter from the EEOC dated August 14, 2020 (*see* Exhibit B);

      g.      This lawsuit is being filed within 90 days of the date of receipt of the Right-to-Sue letter (*see* Exhibit B);

8.      Plaintiff is raising claims that all flow out of a common nucleus of common facts and parties.

## **VENUE**

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because:

      a.      Defendant CICERO, is a municipality in this court's jurisdictional district; and

      b.      all events or omissions giving rise to Plaintiff's claims occurred here in this jurisdictional district.

## **FACTS**

10.      Defendants are local governmental entities, are and were, at all times relevant, "employers" and/or "covered entities" within the meaning of Title VII of the Civil Rights Act of 1964.

11.      That CICERO hired CUCHNA on or about January 9, 2017 to work as a full time, sworn police officer.

12.      CUCHNA was hired as a lateral police officer from the Village of Bedford Park, where she left in good standing.

13.      From January 2017 to present, CUCHNA was assigned to the Patrol Division, Star number 261.

14.     That CUCHNA never had any write-ups since the beginning of her employment with CICERO.

15.     CUCHNA has served one (1) suspension day on September 16, 2019 for an alleged violation of general orders and she is still waiting for an arbitration hearing on that matter.

16.     CUCHNA has received numerous awards and commendations from CICERO including Top Productivity Performer Award, Top Cop Awards from Alliance Against Intoxicated Motorists, and other department commendations.

17.     That CUCHNA made requests for a change in Field Training Officer during her initial training phase due to personality conflict and said requests were denied by Sgt. Charles Sierra ("SIERRA").

18.     On or about September 3, 2017, Community Service Officer (CSO) Nadia Makarova-Bull ("BULL") approached CUCHNA in CICERO'S parking structure while CUCHNA was off duty, and informed CUCHNA of allegations of sexual harassment and sexual assault by Commander Raul Perez ("PEREZ") and Sgt. Frank Savaglio ("SAVAGLIO").

19.     On September 4, 2017, CUCHNA reported the allegations of sexual harassment and sexual assault of BULL to First Deputy Thomas Boyle ("BOYLE"), Superintendent Jerry Chlada (CHLADA"), and First Deputy Barrett Marlar ("MARLAR") (following the department's general orders for reporting misconduct).

20.     That at the end of the tape-recorded statement provided, BOYLE turned off the tape recorder and told CUCHNA, "you aren't meeting department expectations by participating in gossip."

4

21.     From October 2017 to February 2018, CUCHNA asked CHLADA along with BOYLE to assist in ceasing contact with BULL since it was creating a hostile work environment. CHLADA and BOYLE ignored CUCHNA's request for help.

22.     On May 24, 2018, CUCHNA was injured on duty and transported to MacNeal Hospital in Berwyn, IL for medical treatment. BOYLE requested for CUCHNA to come into work while taking prescription pain medication along with having work restrictions on using her right hand and, therefore, CUCHNA had to use her own sick time for time off of work missed.

23.     On or about July 9, 2018, after CUCHNA completed her 18-month probationary period, Deputy Larry Polk ("POLK") advised CUCHNA via telephone that CHLADA was extending CUCHNA's probation. CUCHNA was told that she would receive a letter from CHLADA as to the reason and she never did in violation of contract Article 33, Section 33.5

24.     On July 11, 2018 Sgt. Charles Sierra "(SIERRA"), supervisor assigned to the field training division, sent CUCHNA an email congratulating her on passing the 18-month probationary period.

25.     On July 14, 2018, SIERRA emailed CUCHNA apologizing for misspeaking about passing the probationary period.

26.     In July 2018, Rhonda Kosenesky ("R. KOSENESKY") told CUCHNA that she was going to have to purchase a ticket to the Town President's golf outing since CUCHNA was still on probationary status.

27.     On August 29, 2018 CUCHNA was advised by Sgt. Hopeton Rowe ("ROWE") that CUCHNA's secondary employment was denied since CUCHNA was still on extended probation.

28.     That on or about August 29, 2018 when ROWE advised CUCHNA that her secondary employment was denied, SKRABACZ came into the office and had an issue with CUCHNA's uniform. CUCHNA was advised by SKRABACZ to write a memo to him and SKRABACZ gave CUCHNA two

5

general orders regarding uniforms and appearance. Subsequently, CUCHNA was called off the street twice by SKRABACZ to have a meeting about CUCHNA's relationship with her co-workers and that her uniform needs to be pressed despite the lack of a general order requiring shirts to be pressed with military creases.

29.     On August 30, 2018 Union Representatives, James Kosenesky ("J. KOSENESKY") and Manny Velasquez ("VELASQUEZ") went to speak with BOYLE about CUCHNA's extend probationary period which is a violation of the contract and no legitimate reason as to why CUCHNA was on extended probation was provided by BOYLE.

30.     On September 6, 2018 Pete Balderas ("BALDERAS"), Illinois Fraternal Order of Police Representative, filed a grievance on CUCHNA's behalf regarding probation extension and denial of secondary employment. Violation of contract Article 35.

31.     On September 10, 2018 CUCHNA was called in before her shift ended by Commander Rudolfo Flores ("FLORES") and Captain Ramirez ("RAMIREZ") and they advised CUCHNA that she was off her probationary status.

32.     From August 29 through October 18, 2018, Sgt. Michael Skrabacz ("SKRABACZ") and ROWE repeatedly gave CUCHNA a difficult time by forcing her to write numerous interdepartmental memos regarding uniforms and addressing personnel with decorum and failed to provide an authorized or legitimate reason.

33.     That on October 23, 2018 CUCHNA finally received written authorization to allow her to work secondary employment. From a period of February 2019 to August 2019, CUCHNA submitted requests fornumerous training courses which were denied.

34.     That on  May 21, 2019 and May 22, 2019, ROWE sternly spoke to CUCHNA in front of other coworkers regarding a DUI traffic crash arrest and told CUCHNA, "you are done" and, thereafter, refused to sign any of her overtime slips.

35.     On May 26, 2019 CUCHNA requested a meeting with FLORES and RAMIREZ regarding the issue with the arrest on May 21 and May 22, 2019 and to discuss the issues CUCHNA was having with ROWE. RAMIREZ scheduled the meeting for May 27, 2019 and he failed to show up for said meeting.

36.     On May 31, 2019 CUCHNA filed a written complaint with RAMIREZ regarding issues with ROWE pertaining to unfair treatment in the workplace and CUCHNA addressed fear of retaliation for filing that complaint against ROWE.

37.     On June 3, 2019 CUCHNA was called into the station by FLORES and SKRABACZ and served with a complaint that included allegations against CUCHNA for the arrest on May 21, 2019.

38.     Subsequently, CUCHNA was isolated in Districts 5 and 6 during her shifts, she was not allowed to work with a partner, and CUCHNA was assigned to work the prisoner transport wagon when no other female officers ever worked the transport wagon solo.

39.     On September 9, 2019 CUCHNA filed a Charge of Discrimination with the EEOC.

40.     On September 27, 2019 ROWE provided CUCHNA with a negative employee performance review and made false allegations that CUCHNA was taking too much time off of work despite CUCHNA having perfect attendance in 2019 and only used her vacation, personal days, and holidays to take time off of work.

41.     On October 23, 2019 CUCHNA was moved to Day off Group Assignments which was a violation of contract Article 24 seniority, Section 24.7.

42.     On May 2, 2020 CUCHNA requested copies of her personnel file from CICERO and subsequently filed a complaint with the Illinois Department of Labor since CUCHNA had not received copies of her personnel file.

6

43.     On May 23, 2020 CUCHNA learned of a reassignment to the Gang Crimes Tactical Unit ("GCTU") in the PACE scheduling system and CUCHNA advised LOPEZ in writing that she wanted to turn down the reassignment on May 25, 2020.

44.     On May 26, 2020 Deputy Superintendent of Patrol Vincent Acevez ("ACEVEZ") informed CUCHNA to report to GCTU on June 4, 2020 which was a violation of FOP Union Contract Section 16.4 as no fourteen (14) days' notice requirement for reassignment was given.

45.      On May 27, 2020 a union grievance was filed against CICERO for not providing CUCHNA with all files or copies of her employment records and/or personnel file which was a violation of Contract Article 15, Section 15.2.

46.     That after the union grievance was filed on May 27, 2020, CUCHNA received a packet containing CUCHNA'S personnel records from Lt, Allen Pineda ("PINEDA"). Upon inspection of copies of the packet received, CUCHNA learned there were documents missing.

47.     On May 27, 2020 CUCHNA filed a grievance for reassignment to GCTU which was a violation of contract Article 16, Section 16.4.

48.     On October 1, 2020 CUCHNA learned of WOJTOWICZ changing CUCHNA's day off group assignment for 2021 which would force CUCHNA to work more frequently underneath ROWE'S supervision and continuous harassment.

49.     On October 6, 2020 CUCHNA was called into Watch Commander's office to speak with WOJTOWICZ regarding a change in the day off group assignment and WOJTOWICZ was screaming at CUCHNA and informing her not talk nor email her union representative, VALAZQUEZ.

50.     On November 12, 2020 CUCHNA filed another grievance for denial of time off on November 6, 2020 when LOPEZ denied CUCHNA time off when there were fourteen (14) to fifteen (15) officers working and the minimum staffing is ten (10) officers.

51.     On December 30, 2020, CUCHNA asked her chain of command how to obtain authorization to recertify her ICAP Drug Recognition Expert Certification since it was to expire on May 31, 2021. CUCHNA received authorization from Sgt. Gurrola ('GURROLA") on January 25, 2021 to meet with the instructor from the Riverside Police Department to perform the recertification. GURROLA was subsequently reassigned to the detective division.

52.     On March 20, 2021, CUCHNA submitted a memo to Sgt. Dragisic ("DRAGISIC") via the chain of command which was forwarded to WOJTOWICZ on April 8, 2021. CUCHNA was subsequently reassigned to a new platoon Sergeant, Sgt. Vito Pacione ("PACIONE").

53.     On May 9, 2021, CUCHNA received authorization from PACIONE to go to Riverside Police Department while on duty to meet with the instructor to recertify. Subsequently, CUCHNA was called into WOJTOWICZ's office with PACIONE and Sgt. Trapani ('TRAPANI") present. CUCHNA was informed the PACIONE could not authorize CUCHNA to go to the Riverside Police Department on May 9, 2021. PACIONE advised CUCHNA that "the recertification was still awaiting the Commander's approval". CUCHNA was denied the opportunity to recertify as a Drug Recognition Expert.

54.     That on or about January 11, 2021, CUCHNA was called into the watch commander's office by LOPEZ. LOPEZ told CUCHNA that he read CUCHNA's Complaint regarding this matter. He stated, in pertinent part, "do what you have to do, nothing is personal".

55.     That on or about January 11, 2021 LOPEZ then started assigning male officers to work the front desk and female officers to work the transport wagon.

8

56.     That a beat car is used only when needed to combat a specific crime pattern within a beat with the primary responsibility being deterring the specific crime pattern that has been established in the beat of assignment. The beat car is the last car to be pulled off assignment by dispatch for an emergency call or for other calls for service. Officers can not leave their beat to use the washroom or take a meal break without having a district or sector car relieve them and they are not allowed to respond to calls for service and not allowed to do any proactive police duties unless the crime or offense is egregious.

57.     That during the period from March 8, 2021 to April 4, 2021, CUCHNA was assigned to a beat five (5) times out of fifteen (15) working days during that period.

58.     That during the period from April 5, 2021 to May 2, 2021, CUCHNA was assigned a beat car seven (7) days out of sixteen (16) working days for that period.

59.     That during the period from May 3, 2021 to May 30, 2021, CUCHNA was assigned a beat car two (2) shifts out of the fourteen (14) working shifts.

60.     That during the period from May 31, to June 27, 2021, CUCHNA was assigned to a beat nine (9) times out of the fourteen (14) working days during that period.

61.     That CUCHNA, upon information and belief, unlike other officers, is being placed in a beat when WOJTOWICZ is working to restrict CUCHNAS's duty or district assignments.

62.     CUCHNA continues to oppose the discriminatory conduct directed at her by way of CICERO which is a part of a custom, pattern and practice of unlawful harassment and discrimination against female employees at CICERO that similarly situated male employees do not have to endure.

## COUNT I
## Violation of 1983-Equal Protection (Gender/Sex Discrmination)

**(Against the Town of Cicero, Boyle, individually, Chlada, individually, Rowe, individually, Skrabacz, individually, Lopez, individually, and Wojtowicz, individually)**

63.     Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-51 of this Complaint as stated herein and in her charge of discrimination (Ex. A) as and for this paragraph.

64.     Defendants' conduct violated Plaintiff's right to Equal Protection under the law, guaranteed by the Fourteenth Amendment to the Constitution of the United States.

65.     The discriminatory conduct directed at Plaintiff was part of a custom, pattern and practice of unlawful harassment and discrimination against female employees at CICERO.

66.     Similarly situated male employees have been treated more favorably than Plaintiff.

67.     Plaintiff and other female employees have been subjected to discriminatory comments from supervisors and coworkers which have not been directed to male counterparts and which males are not required to endure as a condition of their employment.

68.     Male supervisors and coworkers subjected Plaintiff and other female employees to derogatory comments and actions which are demeaning to women.

69.     CICERO intentionally discriminated against Plaintiff based on her gender by giving more favorable treatment to male employees.

70.     Plaintiff has been treated differently than her male counterparts because she is female.

71.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage of an ongoing a continuous nature.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Find that Defendant discriminated against Plaintiff, in violation of 1983 Equal Protection (Gender/Sex Discrimination);

B.    Award compensatory and punitive damages (against individual defendants) to the maximum amount provided by statute;

C.    Award attorney's fees, expert witness fees, and costs provided by law;

D.    Award forward pay due to the decrease in lower earnings;

E.    Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and

F.    Grant such additional relief as this Court deems just and proper.

## COUNT II
## Violation of 1983-Retaliation
**(Against the Town of Cicero, Boyle, individually, Chlada, individually, Rowe, individually, Skrabacz, individually, Lopez, individually, and Wojtowicz, individually)**

72.    Plaintiff adopts, realleges and incorporates by reference all of paragraphs 1-60 of this Complaint as stated herein and in her charge of discrimination (Ex. A) as and for this paragraph.

73.    Plaintiff complained about discriminatory conduct and harassing treatment.

74.    As a direct and proximate result of Plaintiff's complaining activities, the Defendant has taken materially adverse employment actions against the Plaintiff.

75.    The Plaintiff has been damaged as a result of the constitutional violations and deprivation of her right to Equal Protection and retaliated against for complaining about these violations.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Find that Defendant retaliated against Plaintiff, in violation of 1983 Equal Protection;

B.    Award compensatory and punitive damages (against individual defendants) to the maximum amount provided by statute;

C.    Award attorney's fees, expert witness fees, and costs provided by law;

D.  Award forward pay due to the decrease in lower earnings;
E.  Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
F.  Grant such additional relief as this Court deems just and proper.

## COUNT III
### Title VII Gender/Sex Discrimination
**(Against Town of Cicero)**

76.  Plaintiff restates and realleges paragraphs 1-64 as if specifically set forth herein.

77.  42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against an employee on the basis of gender/sex.

78.  Defendant violated 42 U.S.C. § 2000e-2(a) by treating CUCHNA differently than similarly-situated male employees because of her gender/sex.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Find that CICERO discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964;
B.  Award compensatory damages to the maximum amount provided by statute;
C.  Award all back pay lost since the date of termination plus pre-judgment interest;
D.  Award attorney's fees, expert witness fees, and costs as provided by law;
E.  Award forward pay due to decrease in earnings;
F.  Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
G.  Grant such additional relief as this Court deems just and proper.

## COUNT IV
### TITLE VII Retaliation
**(Against Town of Cicero)**

79.  Plaintiff restates and realleges paragraphs 1-67 as if specifically set forth herein.

80.  42 U.S.C. § 2000e-3(a) makes it unlawful for an employer to discriminate against an employee because he opposes any practice which is unlawful under Title VII.

81.  CUCHNA'S opposition to CICERO'S actions described above, is protected under 42 U.S.C. § 2000e-3(a).

82.  CICERO retaliated against CUCHNA for her protected conduct.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.      Find that Defendant CICERO discriminated against Plaintiff by retaliating againsther in violation of Title VII of the Civil Rights Act of 1964 and 29 C.F.R. § 1604.11(a);

A.      Award compensatory damages to the maximum amount provided by

B.      Award all back pay lost since the date of termination plus pre-judgment interest;
C.      Award attorney's fees, expert witness fees, and costs as provided by law;
D.      Award forward pay due to decrease in lower earnings;
E.      Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and
F.      Grant such additional relief as this Court deems just and proper.

## COUNT V
## Title VII Sex Harassment – Hostile Work Environment
### (Against Town of Cicero)

83.     Plaintiff restates and realleges paragraphs 1-79 as if specifically set forth herein.

84.     42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against an employee on the basis of sex and affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult.

85.     CUCHNA belongs to a protected group.

86.     CUCHNA was repeatedly subjected to unwanted harassment based on her sex as set forth above.

87.     CICERO knew and/or should have known of the harassment and failed to take prompt remedial action.

88.     At all times hereto, CUCHNA acted reasonably under the circumstances.

89.     CICERO is liable for the sex harassment due to a hostile work environment inflicted upon CUCHNA due to CICERO'S violation of Title VII of the Civil Rights Act of 1964 as set forth above.

WHEREFORE, Plaintiff respectfully requests that the Court:

     A.     Find that CICERO discriminated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964;

     B.     Award compensatory damages to the maximum amount provided by statute;

     C.     Award all back pay lost since the date of termination plus pre-judgment interest;

     D.     Award attorney's fees, expert witness fees, and costs as provided by law;

     E.     Award forward pay due to decrease in earnings;

     F.     Retain jurisdiction over this action to assure full compliance with the order of this Court and with applicable law; and

     G.     Grant such additional relief as this Court deems just and proper.


Respectfully submitted,

/s/ Marc P. Trent
One of Plaintiff's Attorneys



Douglas P. Trent (ARDC #2855070)
Marc P. Trent (ARDC #6324928)
TRENT LAW FIRM, P.C.
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
P: (630) 682-3100
F: (630) 682-3554
attorneys@trentlawfirm.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2019-05172 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Miss Tamara M. Cuchna** | **(630) 899-9204** | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **4151 Forest Ave, Brookfield, IL 60513** | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **TOWN OF CICERO POLICE DEPARTMENT** | **101 - 200** | **(708) 652-2130** |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **4901 W. Cermak Rd,  Cicero, IL 60804** | | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| | | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **09-04-2017**    Latest: **09-09-2019**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on or about January 9, 2017.  My current position is Police Officer.  During my employment, I reported the sexual assault of a co-worker.  Subsequently, I have been subjected to harassment, exclusion, extension of my probationary employment, delayed approval for secondary employment, unequal work assignments, denied training, denied placement into specialized units, and falsely accused of misconduct.

I believe I have been discriminated against because of my sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

SEP 09 2019

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Sep 09, 2019**    x *Tamara Cuchna*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Tamara M. Cuchna<br>c/o Marc Trent, Partner<br>350 S. Schmale Road, Suite 130<br>Carol Stream, IL 60188 | From: Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|

| [ ] | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-05172 | Daniel Acosta,<br>Investigator | (312) 872-9667 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/np*                                          08/14/2020

| Enclosures(s) | **Julianne Bowman,**<br>**District Director** | (Date Mailed) |
|---|---|---|

cc:   **TOWN OF CICERO POLICE DEPARTMENT**
c/o Julie Diemer, Attorney at Law
DEL GALDO LAW GROUP LLC
1441 South Harlem Avenue
Berwyn, IL 60402

EXHIBIT B